UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON CLARK,

                            Petitioner,

                            v.

JOSEPH NOETH,

                            Respondent.
_____

DECISION AND ORDER

18-CV-6264L

Petitioner, Jason Clark, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in Supreme Court, Monroe County of murder in the second degree (N.Y. Penal Law § 125.25(1)). Clark is currently serving a sentence of 25 years to life in prison.

## FACTUAL BACKGROUND

Clark was charged by a grand jury with one count of second-degree murder. After a jury trial, he was convicted and sentenced to an indeterminate prison term of 25 years to life, in 2010. On appeal, the Appellate Division, Fourth Department, unanimously affirmed, and the New York Court of Appeals denied leave to appeal. 142 A.D.3d 1339 (2016); 28 N.Y.3d 1143 (2017).[1]

Clark filed a habeas petition in this Court in April 2018. In his petition, Clark asserts three grounds for relief, but says only, "See State Appeal brief" as to each of them.

---

[1] Clark's brief on appeal in state court was filed in November 2015. It is not apparent from the record why there was such a long gap between Clark's conviction and his appeal, but that does not appear to be material to his present petition.

In his state appellate brief, Clark raised four grounds for relief: (1) the trial court erred in denying his request for an expert and an investigator; (2) the evidence was legally insufficient and the verdict was against the weight of the evidence; (3) the sentence was harsh and excessive; and (4) the trial court erred in holding the charge conference off the record and in chambers. (Dkt. #7-1 at 4.) Rather than guess which three of the four grounds Clark presented in the state court are the three that he relies on now, the Court will address all four of those grounds.

**DISCUSSION**

Clark's contentions in support of his habeas claim can be easily disposed of. As stated, all he has done is reiterate the arguments that he presented in the state courts. None of those grounds provide a basis for federal habeas relief.

At the outset, several principles must be kept in mind. First, in reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Johnson v. Director, TDJC-CID*, No. 16cv199, 2018 WL 6424770, at *1 (E.D.Tex. Oct. 31, 2018). *See also Ponnapula v. Spitzer*, 297 F.3d 172, 182-83 (2d Cir. 2002) (cautioning against fashioning "every nuance of state law ... into a [legal insufficiency] problem, thereby transforming federal habeas courts into super-appellate state courts," a role which "[b]oth Congress and the Supreme Court prohibit for federal habeas courts").

A separate but related consideration is that "[f]ederal habeas corpus is a backstop. It lets federal courts review the merits of federal claims in state criminal cases. But federal courts do not sit to review state law. So federal courts will not review federal claims when the state court's

decisions are supported by a state-law reason, an 'independent and adequate state ground[ ].'" *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

Third, the habeas statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides that when a state court has "adjudicated" a petitioner's habeas claim on the merits, a federal district court may grant relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). That is a formidable obstacle to habeas relief, and Clark has fallen woefully short of surmounting it here.

Turning to Clark's first ground for relief, relating to the trial court's denial of his request for an expert and/or an investigator, the Appellate Division upheld the trial court's ruling on the ground that Clark had "failed to establish that such services were necessary to his defense," 142 A.D.3d at 1340. That ruling was well supported by New York law, *see id.* (citing cases). Clark has also failed to show that the state court rulings on this matter in any way implicated his federal constitutional rights. *See Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985) (because petitioner offered little more than "undeveloped assertions that the requested assistance would be beneficial," the denial of requests for a ballistics expert was not a denial of due process").

Clark's arguments concerning the weight or sufficiency of the evidence are also meritless. It is well established that a "weight of the evidence" claim does not provide a basis for federal habeas relief. *See Ward v. Herbert*, 509 F. Supp. 2d 253, 264 & n.3 (W.D.N.Y. 2007). *See also*

*McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed.Appx. 69, 75 (2d Cir. 2011) ("[T]he argument that the verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus") (citing cases). Although habeas relief may, in rare cases, be available if the evidence was truly insufficient to support the conviction, this is not such a case. As the Appellate Division noted, "there was ample circumstantial evidence" supporting the guilty verdict. 142 A.D.3d at 1341.

Clark's contention that his sentence was unduly harsh or excessive likewise fails. Clark has not identified any federal constitutional violation in this regard, "which is the core predicate for habeas relief." *Parker v. Evans*, 569 Fed.Appx. 611, 617 (10th Cir. 2014) (stating that since petitioner "ha[d] not even shown that his sentence [fell] outside the state statutory limits[,] ... [t]he district court was indisputably correct in denying habeas relief on this claim").

Clark's final ground for relief, that the trial court erred in holding an off-the-record charge conference in chambers, warrants little comment. As the Appellate Division noted, Clark failed to show any error or prejudice in this regard (Clark did not object to the trial court's jury charge as given), and he certainly has not shown how this implicated his federal constitutional rights.

**CONCLUSION**

For all of the reasons stated above, there is no basis to grant the petition for habeas corpus relief. Therefore, the petition for a writ of habeas corpus (Dkt. # 1), is DENIED. The Court also

denies issuance of a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

    IT IS SO ORDERED.

                                            _____
                                                    DAVID G. LARIMER
                                            United States District Judge

Dated: Rochester, New York
       January 8, 2019.